1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10
11

BOBBY GENE SHERRILL,                          1: 07 CV 00868 LJO  WMW HC

12
                            Petitioner,        FINDINGS  AND  RECOMMENDATIONS  RE
13                                             MOTION TO DISMISS PETITION FOR WRIT OF
                                               HABEAS CORPUS
14          v.
                                               [Doc. 10]
15
JAMES A. YATES,
16
                            Respondent.
17  _____/

18
19
20

        Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28

21
U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28

22
U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to

23
dismiss.

24
                              **PROCEDURAL HISTORY**

25
        On February 27, 2003, Petitioner was convicted of first degree burglary, making a terrorist

26
threat, kidnaping and misdemeanor battery.  The court sentenced Petitioner to serve a term of sixteen

27
28                                                  1

1  years, four months in state prison.

2       Petitioner filed a direct appeal from the judgment.  The California Court of Appeal, Fifth

3  Appellate District, affirmed the judgment on April 9, 2004.   The California Supreme Court denied

4  review on July 14, 2004.

5       Petitioner filed a petition for writ of habeas corpus in the Court of Appeal on July 27, 2005.

6  The court denied the petition on August 4, 2005.

7       Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on

8  September 5, 2005.  The court denied the petition on June 21, 2006.

9       Petitioner filed the present petition on June 18, 2007.

10  **LEGAL STANDARDS**

11  JURISDICTION

12       Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

13  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

14  the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

15  1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

16  the United States Constitution.  In addition, the conviction challenged arises out of the Kern   County

17  Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).

18  Accordingly, the court has jurisdiction over the action.

19       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

20  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

21  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

22  586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

23  F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

24  *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

25  to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

26  AEDPA, thus it is governed by its provisions.

27  STANDARD OF REVIEW

28  2

1    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

2  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

3  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

4    The AEDPA altered the standard of review that a federal habeas court must apply with

5  respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v.</u>

6  <u>Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

7  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

8  involved an unreasonable application of, clearly established Federal law, as determined by the

9  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

10 determination of the facts in light of the evidence presented in the State Court proceeding." 28

11 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

12 Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120

13 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

14 concludes in its independent judgment that the relevant state-court decision applied clearly

15 established federal law erroneously or incorrectly."  <u>Lockyer</u>, at 1174 (citations omitted).  "Rather,

16 that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

17   While habeas corpus relief is an important instrument to assure that individuals are

18 constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

19 <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

20 conviction is the primary method for a petitioner to challenge that conviction.  <u>Brecht v.</u>

21 <u>Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

22 determinations must be presumed correct, and the federal court must accept all factual findings made

23 by the state court unless the petitioner can rebut "the presumption of correctness by clear and

24 convincing evidence."  28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769

25 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380,

26 1388 (9th Cir. 1997).

27

28                                      3

1

**DISCUSSION**

2      Respondent moves to dismiss this petition on the ground that it is untimely and barred by the

3 statute of limitations.  Petitioner opposes the motion.

4      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

5 petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

6 petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5

7 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be

8 raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The

9 Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed

10 to exhaust state remedies as a request for the court to dismiss under Rule 4 of the Rules Governing §

11 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d

12 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).

13 Based on the Rules Governing Section 2254 Cases and case law, the court will review respondent's

14 motion to dismiss pursuant to its authority under Rule 4.

15      The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

16 petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

17 (d) reads:

18          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
       corpus by a person in custody pursuant to the judgment of a State court.  The
19      limitation period shall run from the latest of –

20          (A) the date on which the judgment became final by the conclusion of direct
       review or the expiration of the time for seeking such review;
21
            (B) the date on which the impediment to filing an application created by
22      State action in violation of the Constitution or laws of the United States is removed, if
       the applicant was prevented from filing by such State action;
23
            (C) the date on which the constitutional right asserted was initially recognized by
24      the Supreme Court, if the right has been newly recognized by the Supreme Court and made
       retroactively applicable to cases on collateral review; or
25
            (D) the date on which the factual predicate of the claim or claims presented
26      could have been discovered through the exercise of due diligence.

27          (2) The time during which a properly filed application for State post-conviction or

28
                                    4

1   other collateral review with respect to the pertinent judgment or claim is pending shall
2   not be counted toward any period of limitation under this subsection.

3       In this case, the California Supreme Court denied review on July 14, 2004.  The state appeal
4   process became "final" within the meaning of Section 2244(d)(1)(A) when the time for filing a
5   petition for writ of certiorari expired ninety days later, on October 12, 2004.  Supreme Court Rule
6   13, Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999).  The one-year statute of limitations began running
7   the following day - - October 13, 2004.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.
8   2001)(citing Fed.R.Civ.P. 6(a)).  Thus, absent tolling, the last day to file a federal petition was
9   October 12, 2005.

10      Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
11  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
12  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In
13  Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first
14  state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral
15  challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846
16  (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,
17  1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a
18  petitioner is preparing his petition to file at the next appellate level reinforces the need to present all
19  claims to the state courts first and will prevent the premature filing of federal petitions out of concern
20  that the limitation period will end before all claims can be presented to the state supreme court.  Id.
21  at 1005.

22      In  Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002),  the Court determined that under

24      [1]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas
25  corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus
    relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of
26  Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may
    instead file an original habeas petition in the Supreme Court.  See, id.

28                                    5

California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts. The Supreme Court examined this principle in light of California's unique original writ system where the timeliness of a petition is determined according to a "reasonableness" standard. Carey v. Saffold, 122 S.Ct. at 2139.

In this case, Petitioner filed a habeas corpus petition with the Court of Appeal on July 27, 2005, which the court denied on August 4, 2005. Petitioner filed a habeas corpus petition in the California Supreme Court on September 5, 2005, which the court denied on June 21, 2006. Thus, under Nino v. Galaza and Carey v. Saffold, Petitioner is entitled to statutory tolling from July 27, 2005, to June 21, 2006, a total of 330 days.

The statute of limitations began running on October 13, 2004. Because of the tolling effect of Petitioner's state habeas corpus actions, and absent equitable tolling, the statute of limitations expired one year and 330 days later on September 7, 2006. Petitioner did not file the present federal habeas corpus action until June 18, 2007.

In opposing Respondent's motion to dismiss, Petitioner claims that he is entitled to equitable tolling of the statute of limitations because (1) he "was denied immediate access to transcripts necessary to file"; and (2) he "was transferred from High Desert State Prison (place of original incarceration) to Pleasant Valley State Prison and was left to seek assistance of another inmate to help him in the prosecution of his appeal."

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), overruled in part on other grounds by, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if

6

'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9ᵗʰ Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

The burden of demonstrating that extraordinary circumstances exist lies with the petitioner. United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999). In this case, the court finds that the explanations offered by Petitioner are insufficient to establish a basis for equitable tolling. Lack of legal assistance is generally insufficient to justify tolling the statute of limitations. See, Hughes v. Idaho Board of Corrections, 800 F.2d 905, 909 (9ᵗʰ Cir. 1986). also, Marsh v. Soares, 223 F.3d 1217, 1220 (10ᵗʰ Cir. 2000) *(*ignorance of law not does not excuse prompt filing); Miller v. Marr, 141 F.3d 976, 978 (10ᵗʰ Cir. 1998) (lack of relevant statutes and case law or procedure to request specific materials did not excuse untimely filing). Further, a petitioner is only entitled to a reasonably adequate opportunity to present his claims to the courts, see, Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996), not to the assistance of someone trained in the law. Id. at 356, 360. Finally, the inability to secure copies of transcripts is not an extraordinary circumstance for a prisoner sufficient to support equitable tolling. See United States v. Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997). The court therefore finds that Petitioner has failed to carry his burden of demonstrating that he is entitled to equitable tolling in this case.

In conclusion, the court finds that the statute of limitations period for Petitioner to file a federal habeas corpus action expired on September 7, 2006. Petitioner did not file the present action until June 18, 2007. Accordingly, the court finds that this petition is untimely and barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

Based on the foregoing, the court HEREBY RECOMMENDS as follows:

1)      that Respondent's motion to dismiss be GRANTED;

7

1   2)      that this petition be DISMISSED as barred by the statute of limitations;

2   3)      that the Clerk of the Court be directed to enter judgment for Respondent and to close this

3           case.

4

5          These Findings and Recommendation are submitted to the assigned United States District

6   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

7   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

8   thirty (30) days after being served with a copy, any party may file written objections with the court

9   and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

10  Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

11  ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will

12  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

13  advised that failure to file objections within the specified time may waive the right to appeal the

14  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15

16

17  IT IS SO ORDERED.

18  **Dated:    May 30, 2008**                        **/s/  William M. Wunderlich**
                                              UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28
                                     8